## 50332. SWOPE COMPANY v. HARBIN LUMBER COMPANY.

Pannell, Presiding Judge.

Harbin Lumber Company on about 4:30 p. m., April 24, 1969, ordered by telephone a carload of lumber from The Swope Company, a lumber broker; given over the telephone by Mr. Harbin of the Harbin Lumber Company and taken by John Bush, a salesman of The Swope Company. Swope in turn entered an order with the lumber manufacturer. The next day at about 9:30 or 10 o'clock Harbin, by telephone, sought to cancel the order and talked with John Bush. He told Mr. Bush he desired to cancel the order and Bush told him "I can do that." Several days later Bush called Harbin and informed him that the car containing the lumber was "rolling" and that the lumber manufacturer had already loaded the car when the cancellation was sought by Swope with the lumber manufacturer. On this occasion, Harbin agreed to accept the lumber if proper proof was furnished that the car had been picked up by the railroad prior to cancellation and if not, they would refuse to accept it. This proof was not furnished Harbin, nor was it furnished at the trial, and Harbin refused to accept the lumber. There was no direct testimony as to Bush's authority or lack of authority, except the testimony of Swope's president that Bush handled all negotiations in the matter, and Harbin's testimony that he had always dealt with Bush in business transactions with Swope. Swope sold the lumber after notice to Harbin and claimed damages in the present action and offered proof as follows by the testimony of its president with no details except as to telephone calls: $472 difference in contract and sale price; $8.60 re-consignment charges by the railroad; $240 for 60% of 8 days' salesmanager's time; $225 for two salesmen's time and expense; $140.91 for telephone calls—making a total of $1,086.73. It appeared that Harbin had offered to pay the $140.91 for telephone calls. Upon conclusion of the evidence on the trial of the case, on motion for directed verdict by the plaintiff, the trial judge directed a verdict for the telephone calls apparently on the theory that Harbin was willing to pay that much, and submitted the

other damages and issues to the jury. The jury rendered a verdict for the telephone charges only. The plaintiff filed a motion for new trial on the general grounds only which was overruled by the trial judge. On this appeal error is enumerated thereon. *Held:*

Appellant poses two arguments or contentions as to why the evidence demanded a further finding against appellee.

(a) The first contention is the evidence is uncontradicted that the carload of lumber was "purchased" by Harbin Lumber Company from Swope Lumber Company. The evidence discloses that the carload of lumber was "ordered," and further, the evidence would *authorize* a finding that Mr. Bush of The Swope Company who handled the transaction agreed to the request for cancellation made by Harbin.

(b) The second contention is that Frank Harbin, President of Harbin Lumber Company, admitted the amount of the loss by The Swope Company and referred to certain portions of the transcript to substantiate such claim. We quote the question and answer as follows: "Q. And you are not denying that The Swope Company lost money in this transaction, are you? A. Apparently, from what the records show, they lost $1,100, $1,200." This, at the most, amounts only to an admission that certain records show there was a loss. This is not an admission that the loss actually occurred.

We conclude, therefore, the evidence was sufficient to authorize the verdict and there was no error in overruling the motion for new trial.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted March 10, 1975 — Decided April 8, 1975.

*Guy B. Scott, Jr.,* for appellant.
*Andrew J. Hill, Jr.,* for appellee.